IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PIETRO BARBIERI, ET AL.            : | |
| : | CIVIL ACTION |
| v.                                 : | |
| : | NO. 09-3196 |
| WELLS FARGO & CO, ET AL.           : | |

**SURRICK, J.**                                                                 **JULY   27  , 2012**

<u>**MEMORANDUM**</u>

  Presently before the Court are Defendants' Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, for a More Definitive Statement (ECF No. 13), Plaintiffs' Motion to Enlarge Time to Respond to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiffs' Motion to Amend Its Complaint to Include Additional Counts, Including But Not Limited to R.I.C.O. Violations of The Racketeering Influenced Corrupt Organizations Acts (ECF No. 14), and Defendants' Motion for Issuance of a Protective Order Staying Discovery Pending Resolution of Defendants' Motion to Dismiss (ECF No. 18).  For the following reasons, Defendants' Motion to Dismiss will be dismissed as moot, Defendants' Motion for a Stay will be granted, and Plaintiffs' Motion for an Extension will be granted in part and denied in part.

**I.  BACKGROUND**

  **A.  Factual Background**

  This case arises out of a dispute related to Plaintiffs' home mortgage.  Plaintiffs Pietro and Jean Marie Barbieri allege that, in October 2005, they received a home equity loan from IT Financial, which was secured by Plaintiffs' home in West Chester, Pennsylvania.  (Compl. ¶ 11,

ECF No. 1.)¹  The loan and mortgage were subsequently assigned to Defendants Wells Fargo Bank ("Wells Fargo") and Federal National Mortgage.  (*Id.*)²  Plaintiffs allege that in October 2008, Defendants unilaterally changed the terms and conditions of the mortgage agreement and have refused to provide Plaintiffs with information about these changes despite Plaintiffs' repeated requests.  (*Id.* at ¶¶ 12-13.)  Plaintiffs further allege that, in April 2009, Plaintiffs were informed by representatives of Defendants that their loan was placed into forbearance.  (*Id.* at ¶ 19.)  Plaintiffs learned that, in order to be placed into the forbearance program, Plaintiffs would have had to have made a specific request and sign documents.  (*Id.* at ¶ 21.)  Plaintiffs claim that they never requested information related to the forbearance program, nor signed or even received documentation concerning a loan modification.  (*Id.* at ¶ 22.)

In May 2009, a representative from Wells Fargo informed Plaintiffs that they could temporarily suspend making mortgage payments since their mortgage had been assigned to the "Obama Financial Recovery Project" and the processing of documents for such project was pending.  (*Id.* at ¶ 23.)  Plaintiffs claim that they never requested to be placed into this project and advised the Wells Fargo representative that the placement was done without their knowledge or consent.  (*Id.* at ¶ 24.)  In June 2009, Wells Fargo advised Plaintiffs by letter that, pursuant to their request, the loan modification and placement into the project had been cancelled.  (*Id.* at ¶ 28.)  Also in June 2009, Defendants placed Plaintiffs into foreclosure and accelerated the mortgage

---

¹ Defendants advise that the mortgage was only executed by Jean Marie Barbieri and not by Pietro Barbieri.

² The Complaint incorrectly names Defendant Wells Fargo as "Wells Fargo & Company." Defendants advise that the proper Defendant is Wells Fargo Bank, N.A., since Wells Fargo & Company is a holding company for its banking division.

payments. (*Id.* at ¶ 29.) Plaintiffs allege that, despite numerous requests to provide them with the terms of the mortgage modification and a statement of accounts, Defendants continue to refuse to provide this information. (*Id.* at ¶ 31.) Plaintiffs further allege that, in June 2009, Defendants "enter[ed] false and misleading information to at least one of several credit-reporting entities." (*Id.* at ¶ 34.)

### B. Procedural History

Plaintiffs commenced this action on July 20, 2009, alleging the following: breach of contract (Count I); fraud and misrepresentation (Count II); "Violation of the [sic] Title 12 and 15" (Count III); defamation by credit report (Count IV); and "Violation of 26 CFR 1.6001" (Count V). (Compl.) On October 5, 2009, Defendants filed a Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, for a More Definitive Statement. (Defs.' Mot. Dismiss, ECF No. 13.) The Motion was filed on the Court's Electronic Case Filing System ("ECF"). Plaintiffs never responded to Defendants' Motion to Dismiss. Plaintiffs allege that Defendants still have not served them with a copy of the Motion. They admit, however, that they received a copy through ECF.[3] On October 19, 2009, Plaintiffs filed a Motion for an Extension of Time to Respond to Defendants' Motion to Dismiss and Motion to Amend. (Pls.' Extension Mot., ECF No. 14.) Plaintiffs' Extension Motion requests that the Court grant Plaintiffs leave to amend the Complaint. Plaintiffs' Motion also requests expedited discovery related to "the additional bad

---

[3] Local Rule of Civil Procedure 5.1.2(8), which deals with service of documents by electronic means, provides that "[e]lectronic service of the Notice of Electronic Case Filing constitutes service of the filed document to all such parties . . . ." E.D. Pa. R. 5.1.2(8). In addition, Local Rule of Civil Procedure 7.1(c) provides that "any party opposing [a] motion shall serve a brief in opposition, together with such answer or other response that may be appropriate . . . . In the absence of a timely response, the motion may be granted as uncontested." E.D. Pa. R. 7.1(c).

acts performed by Defendant[s] since the filing of the Complaint." (*Id.* at Proposed Order.) On November 4, 2009, Defendants filed a Response to Plaintiffs' Extension Motion. (ECF No. 15.) On November 17, 2009, Plaintiffs filed a Reply to Defendants' Response. (ECF No. 16.)

On February 18, 2010, Plaintiffs served Defendants with document requests. On March 3, 2010, Defendants filed a Motion for a Protective Order, which seeks a stay of discovery pending resolution of Defendants' Motion to Dismiss. (ECF No. 18.) On March 12, 2010, Plaintiffs filed a Response to Defendants' Motion for a Protective Order. (ECF No. 19.)[4]

## II.   DISCUSSION

### A.   Plaintiffs' Request to Amend the Complaint

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading "once as a matter of course" within twenty-one days after serving the pleading or within twenty-one days of service of a responsive pleading, including a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1). Rule 15(a) also allows a party to amend its pleading with leave of the court or if the opposing party consents in writing. Fed. R. Civ. P. 15(a)(2). Where a defendant responds to a complaint with a motion to dismiss, "the plaintiff may amend the complaint once 'as a matter of course' without leave of court." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). Plaintiffs seek to amend the Complaint to assert additional counts, including but not limited to, a count under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§

---

[4] Plaintiffs have also filed other discovery-related motions, including a motion to compel Defendants to respond to requests for production, a motion to strike Defendants' objections to Plaintiffs' requests for production, and a motion to compel Defendants to respond to interrogatories. (ECF Nos. 20, 21, 26.) Defendants have also filed a second motion for a protective order, which requests that the Court strike Plaintiffs' requests for interrogatories. (ECF No. 25.) We will address these discovery motions in a separate Order.

1961, *et seq*. Defendants do not oppose Plaintiffs' request to amend the Complaint. This is Plaintiffs' first amended complaint. Since Defendants have responded to the original Complaint with a motion to dismiss under Rule 12(b)(6), Plaintiffs are entitled to amend the Complaint once "as a matter of course without leave of the court." *See Shane*, 213 F.3d at 115. Accordingly, Plaintiffs' request to amend the Complaint will be granted.

Since Plaintiffs will be filing an amended complaint, Defendants' Motion to Dismiss will be dismissed as moot. Plaintiffs' request for an extension of time to respond to Defendants' Motion to Dismiss is also moot.

   **B.**  **Plaintiffs' Request for Expedited Discovery/Defendants' Request for a Stay**

With regard to Plaintiffs' request for expedited discovery, "[i]t is well-established that the scope and conduct of discovery are within the sound discretion of the trial court." *Gaul v. ZEP Mfg. Co.*, No. 03-2439, 2004 U.S. Dist. LEXIS 1990, at *2-3 (E.D. Pa. Feb. 5, 2004) (quoting *Marroquin-Manriquez v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir. 1983)). Rule 26(d) of the Federal Rules of Civil Procedure provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26(d).[5] Rule 26(d) authorizes district courts to grant expedited discovery requests.

When faced with requests to expedite discovery under Rule 26(d), courts in the Third

---

[5] Rule 26(f) provides that "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f). A Rule 16 conference has not yet been held in this case. Further, the parties have not met and conferred regarding discovery in accordance with Rule 26(f).

Circuit generally follow a "good cause" or "reasonableness" standard.  *See, e.g.*, *Leone v. Towanda Borough*, No. 12-0429, 2012 U.S. Dist. LEXIS 47594, at *6 (M.D. Pa. Apr. 4, 2012); *Kone Corp. v. Thyssenkrupp USA, Inc.*, No. 11-465, 2011 U.S. Dist. LEXIS 109518, at *13 (D. Del. Sept. 26, 2011); *Entm't Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 U.S. Dist. LEXIS 19832, at *14 (E.D. Pa. Oct. 2, 2003).  Under the reasonableness standard, "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Entm't Tech. Corp.*, 2003 U.S. Dist. LEXIS 19832, at *12.  "Good cause is usually found where the [party's] need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant." *Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 U.S. Dist. LEXIS 27170, at *35 n.22 (W.D. Pa. Apr. 3, 2008).  Other factors for courts to consider include the timing of the request for expedited discovery in relation to the start of formal discovery, whether the requests are overly broad, whether the requesting party will suffer irreparable harm if discovery is not expedited, and whether there is a preliminary injunction hearing pending. *Entm't Tech. Corp.*, 2003 U.S. Dist. LEXIS 19832, at *14-16.  The party seeking expedited discovery carries the burden of showing that the request is reasonable under the circumstances. *Id.*

  Here, Plaintiffs request expedited discovery related to "the course of continued bad conduct and the similar cases of fraud perpetrated by this Defendant." (Pls.' Extension Mot. ¶ 15.)  Plaintiffs anticipate that the discovery will support additional claims, including a claim under RICO.  In support of their request, Plaintiffs submit an Associated Press newspaper article.

(Pls.' Extension Mot. Ex. A.)[6]  The newspaper article reports the increase in the number of lawsuits filed against mortgage servicing companies such as Bank of America, Wells Fargo, J.P. Morgan Chase, and Citigroup Inc. for alleged abuses in servicing home mortgages.  (*Id.*)  With regard to Defendants' alleged "course of bad conduct," Plaintiffs allege that after the Complaint was filed, Plaintiffs requested Defendants cease all contacts with them.  Despite repeated requests, Defendants continued to contact Plaintiffs by phone and by letter.  Plaintiffs do not specify what type of discovery they seek or a relevant time frame.

      We are compelled to conclude, based upon the totality of the circumstances, that good cause does not exist to justify expedited discovery.  Plaintiffs are not seeking a preliminary injunction here.  *See Entm't Tech. Corp.*, 2003 U.S. Dist. LEXIS 19832, at *16 ("[T]here is no pending preliminary injunction hearing for which the parties need to prepare, rendering the need to expedite discovery less urgent.").  Nevertheless, Plaintiffs make this request for expedited discovery prior to the start of formal discovery, and before they file an amended complaint in response to a motion to dismiss.  *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).").  Plaintiffs' request for expedited discovery is vague, ambiguous and unlimited in scope.  Plaintiffs fail to specify exactly what discovery they seek (e.g., document requests, interrogatories, depositions) or the time frame by which such discovery would be limited.  *See Phila. Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, No. 98-2782, 1998 U.S. Dist. LEXIS 10511, at *9 (E.D. Pa. July 15, 1998) (denying plaintiff's request to expedite discovery where "absent from [plaintiff's] motion and supporting briefs are definitive limitations on the scope of the sought after discovery").  In

---

[6] Plaintiffs allege that this article was published on August 5, 2009.

addition, Plaintiffs fail to allege how this discovery, which purportedly relates to the Associated Press article, is relevant to the instant lawsuit.  Furthermore, the newspaper article to which Plaintiffs refer was published in 2009, Plaintiffs have been involved in this litigation since 2009, and Plaintiff Pietro Barbieri is an attorney.  Yet, after three years, Plaintiffs offer nothing but broad generalities in support of their request.  The assertion of bald legal conclusions that Defendants have committed fraud is simply not sufficient at this juncture to justify the granting of expedited discovery.  *See Essex Ins. Co. v. RMJC, Inc.*, No. 01-4049, 2008 U.S. Dist. LEXIS 54036, at *4-5 (E.D. Pa. July 16, 2008) (noting that the "bare assertion" that fraudulent transactions have occurred is "clearly insufficient to permit discovery").  Plaintiffs apparently want to engage in a fishing expedition.  *See id.* at *4.  Finally, Plaintiffs fail to demonstrate how the need for this discovery outweighs the hardship that Defendants would suffer.  With no limit on the scope of discovery sought and no time frame indicated, Defendants face a potentially burdensome task in assembling a large amount of discovery in an expedited manner.  All of these factors weigh in favor of denying Plaintiffs' request for expedited discovery.

      Defendants seek a protective order to stay discovery until such time as the Court rules on Defendants' Motion to Dismiss.  We have determined that the Motion to Dismiss is moot since Plaintiffs will file an amended complaint.  We anticipate that Defendants will renew their Motion to Dismiss once an amended complaint is filed.  Plaintiffs argue in opposition to Defendants' Motion for a Protective Order that discovery will allow them to gather additional facts to support the claims asserted in the Complaint as well as potential additional claims.  This argument has been flatly rejected by the Third Circuit.  *See Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (holding that plaintiff's argument that staying discovery pending resolution of defendant's

motion to dismiss was an abuse of discretion because additional discovery could substantiate his claims "misses the mark" since "[a] motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development"); *see also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (finding that appellant's argument that it should have been permitted to conduct discovery prior to amending its complaint "is unsupported and defies common sense" since "[t]he purpose of [Rule 12(b)(6)] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery").

In any event, it is well-settled that the conduct of discovery is committed to the discretion of the district court. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). This discretion extends to deciding whether to stay discovery pending resolution of dispositive motions. *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001) (stating that the district court "acted within its discretion" to stay discovery while considering defendant's motion to dismiss). Generally, a stay of discovery pending resolution of motions is proper "where, if the motion is granted, discovery will be futile." *Mann*, 375 F. App'x at 239. In other words, "where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay," a stay is proper. *Weisman v. Mediq, Inc.*, No. 95-1831, 1995 U.S. Dist. LEXIS 5900, at *5 (E.D. Pa. May 3, 1995).

We are satisfied that a stay of discovery is appropriate in this case. As noted above, formal discovery has not yet commenced. Moreover, Defendants' instant Motion to Dismiss seeks dismissal of almost all of the claims asserted against them. Based upon the submissions

thus far, we anticipate that a motion to dismiss the amended complaint will be filed by Defendants. Delaying discovery until the Court has had the opportunity to determine whether or not Plaintiffs have pleaded facts necessary to proceed with their claims "may help to streamline the expensive discovery process, and thereby minimize the burden on counsel, parties and the Court." *McLafferty v. Deutsche Lufthansa A.G.*, No. 08-1706, 2008 U.S. Dist. LEXIS 81627, at *6 (E.D. Pa. Oct. 14, 2008).

Accordingly, we will deny Plaintiffs' request for expedited discovery and grant Defendants' request for a stay of discovery.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, for a More Definitive Statement is dismissed as moot, Plaintiffs' Motion to Enlarge Time to Respond to Defendants' Motion to Dismiss and Motion to Amend its Complaint is granted in part and denied in part, and Defendants' Motion for Issuance of a Protective Order Staying Discovery Pending Resolution of Defendants' Motion to Dismiss is granted.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**